# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEF S. BOZEK,
    Plaintiff,

    v.

PNC BANK, et al.,
    Defendant.

20-cv-2875-JMY

**MEMORANDUM**

**YOUNGE, J.**　　　　　　　　　　　　　　　　　　　　　　　　**November 10, 2020**

## I.　BACKGROUND:

### A.　Procedure:

Plaintiff filed a Petition for Confirmation and Enforcement of Arbitration Award in Bucks County, Pennsylvania Court of Common Pleas. (*Josef S. Bozek v. PNC Bank, et al.*, No. 2020-02093 (C.P. Bucks County, April 20, 2020). Defendants then removed this action to the Eastern District Court of Pennsylvania on June 16, 2020. (Notice of Removal, ECF No. 1.) Defendants aver that jurisdiction and venue is proper in the Eastern District based on diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00. (*Id.* ¶¶ 11-14.) The Arbitration Award at issue was also allegedly entered in Buck County, Pennsylvania, so jurisdiction is appropriate under 9 U.S.C. § 10(a).

Presently before this Court is Defendants' Motion to Dismiss the Petition to Confirm Arbitration Award filed pursuant to Fed. R. Civ. P. 12(b)(6), and to Vacate Arbitration Award. (ECF No. 3.) These matters are appropriate for resolution without oral argument. Fed. R. Civ. P. 78, L.R. 7.1(f).

**B.     Facts:**

The parties to this matter have been involved in lengthy litigation dating back to a mortgage foreclosure action that was filed in November of 2010 in relationship to a property located at 616 The Lane, Hinsdale, IL 60521. *Bank America v. Bozek*, No. 2010-CH-47361, (Cook County, Illinois, Nov. 2, 2010). After years of litigation in relationship to 616 The Lane, a favorable mortgage foreclosure judgment was obtained on June 7, 2019. (*Id.*) Thereafter, an Order Confirming Sale was entered on February 18, 2020, and an eviction is pending. (*Id.*)

On or about July 1, 2019, while the mortgage foreclosure action was pending, Plaintiff sent a letter to Defendants captioned "Show of Cause Proof of Claim Demand" (hereinafter Demand Letter). (Demand Letter, Petition for Confirmation and Enforcement of Arbitration Award, Ex. B, Notice of Removal, Ex.1-5, ECF No. 1-5.) This Demand Letter consists of over twelve pages of unintelligible legal jargon. (*Id.*) A purported arbitration clause appears on pages ten and eleven of the Demand Letter. (*Id.* ¶ 46 – 47.) Plaintiff cites to this Demand Letter that contains the purported arbitration clause as the contract that apparently forms the basis for Plaintiff's Petition for Confirmation and Enforcement of Arbitration Award. (Petition for Confirmation and Enforcement of Arbitration Award, Ex. B, Notice of Removal, Ex.1-5, ECF No. 1-5.) Plaintiff also claims that he forwarded various correspondences to Defendants to inform them they were in default under the terms of the Demand Letter. (Bozek Aff. ¶¶ 3-4, Petition for Confirmation and Enforcement of Arbitration Award, Ex. B.) Plaintiff further avers that he sent a Request for Arbitration to Defendants on August 13, 2019, followed by a Notice of Hearing sent on August 14, 2019. (Bozek Aff. ¶¶ 5-6, Ex. B.)

Plaintiff claims that an arbitration occurred in Bucks County, Pennsylvania on August 27, 2019 before an entity named Dalwickman Arbitration Services with a panel of arbitrators named

Anthony O'Quinn, Debra Ann Lohri, and Elliot David Manning. (Final Arbitration Award pp. 1 & 28-29, Petition for Confirmation and Enforcement of Arbitration Award, Ex. A., ECF No. 1-5 pp. 15 & 41-42.) Plaintiff claims to have obtained an Arbitration Award in the amount of $3,430,800.00. (*Id.* ¶ 46, ECF No. 1-5 pp. 32-34.) In addition, the Arbitration Award purportedly imposed a penalty of treble damages in the amount of $10,292,400.00, and Defendants were ordered to convey to Plaintiff all property taken from Plaintiff over the last ten years and to release any and all claims against any properties, and return any and all properties held in any manner. (*Id.*)

Plaintiff then filed a Petition for Confirmation and Enforcement of Arbitration Award in Bucks County, Pennsylvania Court of Common Pleas. (*Josef S. Bozek v. PNC Bank, et al.*, No. 2020-0293 (C.P. Bucks County, April 20, 2020). In said Petition, the Plaintiff avers that a copy of the Arbitration Award was forwarded to the Defendants on or about September 4, 2019. (Borzik Aff. ¶ 7-9, Ex. A.) He further avers that Defendants have failed to comply with the terms of the Arbitration Award. (Petition for Confirmation and Enforcement of Arbitration Award.)

## II. LEGAL STANDARD:

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is

"more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990). However, a court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

**III.    DISCUSSION:**

The arguments made by Defendants are extremely persuasive; therefore, Plaintiff's Petition for Confirmation and Enforcement of Arbitration Award will be dismissed, and the Defendants' Motion to Vacate the Arbitration Award will be granted.  In their Motion to Dismiss and Vacate, Defendants argue that they did not agree to arbitrate claims with Plaintiff. (Mot. to Dismiss pp. 1-2.)  They argue that Plaintiff is attempting to enforce a fraudulent arbitration award.  They specifically plead, "the Arbitration Award is invalid on its face and must be set aside" because *inter alia* "Plaintiff relies upon a sham document to create the appearance of an arbitration agreement, when no such agreement exists." (Mot. to Dismiss p. 1.)

Plaintiff's theory for the creation of a valid and binding arbitration agreement is hard to ascertain.  However, Plaintiff seems to believe that Defendants' failure to respond to the Demand Letter and related correspondences created a contract through tacit acquiescence.  (Opp. to Mot. Dismiss, ECF No. 5.)  Specifically, Plaintiff argues that the purported arbitration award should be confirmed because Defendants failed to appear at the arbitration hearing or otherwise object despite the fact that they were on notice of the time and place.  (*Id.* ¶ 4.)  Plaintiff argues, "There is no indication that an adjournment of the arbitration hearing was requested or that objections to the hearing were made.  Defendants, having been notified of the time and place of the hearing, waived its right to be present and to be heard." (*Id.*)

Plaintiff further cites 9 U.S.C. § 12 and argues that Defendants waived the right to object to the Arbitration Award because more than ninety (90) days lapsed between service of the Arbitration Award and the point in time when Defendants filed their opposition.  (Opp. to Mot. Dismiss pp. 1-2.)  Plaintiff argues that Defendants received notice of the Arbitration Award on or

about September 6, 2019 and were, therefore, required to move to vacate the award by December 6, 2019. (Opp. to Mot. Dismiss pp. 1-2.)

### A. Plaintiff's Petition Fails to Set Forth All Elements Required by the Federal Arbitration Act:

Plaintiff failed to produce an agreement showing that the parties to this matter agreed to resolve disputes by arbitration. Therefore, Plaintiff's Petition for Confirmation and Enforcement of Arbitration Award fails to meet the basic requirement of 9 U.S.C. § 13(a). At the outset, a petition to confirm an arbitration award must comply with 9 U.S.C. § 13(a) which requires the following:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
> (b) The award.
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

9 U.S.C. § 13(a).

In this case, Plaintiff failed to comply with Section 13(a) because Plaintiff has failed to attach any underlying arbitration agreement. *Kapapea v. PennyMac Loan Servs. LLC*, No. 19-mc-00028, 2020 U.S. Dist. LEXIS 4717 *2-3 (N.M. Jan. 10, 2020). Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. Thus, in order to obtain confirmation, Section 13 requires that the moving party file the agreement to arbitrate claims. "This allows the Court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment."

6

*Meekins v. Lakeview Loan Servicing, LLC*, No. 19-cv-0501, 2019 U.S. Dist. LEXIS 222801 *5 (E.D. Va. Dec. 30, 2019); *United Cmty. Bank v. Arruarana*, No. 10-cv-0248, 2011 U.S. Dist. LEXIS 75856 *5 (W.D. N.C. July 13, 2011) ("[w]ithout the filings required by § 13, the Court is unable to conclude from the record that a valid arbitration agreement and award exist and therefore is unable to determine whether the [p]etitioner is entitled to judgment as a matter of law.").

Plaintiff's tacit acquiescence argument based on Defendants' failure to respond to the Demand Letter and various correspondences is completely unpersuasive. *Kalmowitz v. Fed. Home Mortg. Corp.*, No. 19-MC-00010, 2019 U.S. Dist. LEXIS 203158 *8-9 (E.D. Tx. Oct. 22, 2019) (rejecting a tacit acquiescence argument and stating "[t]he whole of the 22-page document, drafted with repetitive, nonsense legalese, contains no factual or legal conclusions from which this [c]ourt could deduce the existence of a valid contract, let alone a valid agreement to arbitrate"). This Court has previously reviewed motions to compel arbitration and is familiar with the standards set forth by the Federal Arbitration Act when reviewing those motions. When faced with a motion to compel arbitration, the court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) [whether] the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (*quoting Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). Pursuant to the Federal Arbitration Act, "[a] written provision" in a commercial contract evidencing an intention to settle disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Arbitration is a matter of contract, and a party cannot be forced to arbitrate "unless that party has entered an agreement to do so." *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1114 (3d Cir. 1993); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 524 (3d Cir. 2009). Thus, before compelling arbitration, a court must determine (1) "that a valid agreement to arbitrate exists between the parties." *Id.* "Because arbitration is a matter of contact," "[t]o determine whether the parties agreed to arbitrate, we turn to ordinary state-law principles that govern the formation of contracts." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009).

Under Pennsylvania law, before deciding that a valid arbitration agreement exists, a court must examine: "(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002). It is well-settled under Pennsylvania law that in order to form a contract, there must be an offer, acceptance, consideration or mutual meeting of the minds. *Jenkins v. County of Schuylkill*, 658 A.2d 380, 384 (Pa. Super. 1995), citing *Schreiber v. Olan Mills*, 627 A.2d 806, 808 (Pa. Super. 1993). A "meeting of the minds" occurs when both parties mutually assent to the same thing, as evidenced by the offer and its acceptance. *Refuse Management Systems, Inc. v. Consolidated Recycling and Transfer Systems, Inc.*, 671 A.2d 1140, 1146 (Pa. Super. 1996); see also *Degenhardt v. The Dillion Company*, 543 Pa. 146 (1996). Stated otherwise, under ordinary contract law, contracts are enforceable when parties reach a mutual agreement, exchange consideration, and have set forth the terms of their bargain with sufficient definiteness to be specifically enforced. *USA Machinery Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999);

*Biddle v. Johnsonbaugh*, 664 A.2d 159, 161 (Pa. Super. 1995); *Dahar v. Grzandziel*, 599 A.2d 217, 220 (Pa. Super. 1991).

Plaintiff's attempt to form what amounts to a unilateral contract to arbitrate claims fails to meet any of the basic requirement for contract formation. First and foremost, Plaintiff is completely unable to establish mutual assent to be bound by the Demand Letter and related correspondences. He fails to aver that any agreement was actually negotiated with Defendants or that Defendants accepted the terms of the agreement. He fails to identify any individual agent or agents of Defendants who bound them to the purported agreement. Plaintiff does not even attempt to aver that the Demand Letter was signed or discussed. Plaintiff fails to establish that any consideration was offered in exchange for the purported agreement to arbitrate claims. Therefore, Plaintiff's Petition for Confirmation and Enforcement of Arbitration Award fails.

Plaintiff's argument based on the three-month limitation period set forth in 9 U.S.C. § 12 is unpersuasive because no agreement to resolve disputes through arbitration exists. Amendment of the Petition for Confirmation and Enforcement of Arbitration Award would not save Plaintiff's case; therefore, Plaintiff will not be permitted to amend his Petition and it will be dismissed.

### B. The Arbitration Award is Vacated:

Since Plaintiff is unable to establish that the parties entered into a valid and enforceable agreement to arbitrate claims, the Arbitration Award will be vacated. Pursuant to the Federal Arbitration Act, this Court may vacate an arbitration award as follows:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear

evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrator exceeds their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject submitted was not made.

9 U.S.C. § 10(a).

In the present case, the purported Arbitration Award fails to pass muster under 9 U.S.C. § 10(a). This Court has already concluded that the record now before this Court fails to demonstrate the existence of any "contract" or agreement to arbitrate between the parties which would support the purported Arbitration Award. Without such an underlying agreement or application of such a contract, the Court is under no obligation to provide any deference to the purported arbitrator. See, 9 U.S.C. §§ 2, 10. Absent an agreement between the parties to be bound by arbitration, the arbiter necessarily "exceeds [his] powers" because he lacks any power to bind the parties by arbitration. Pursuant to 9 U.S.C. § 10(a)(4), this provides a more than sufficient basis to vacate the purported Arbitration Award.

## IV.  CONCLUSION:

For these reasons, Plaintiff's Petition for Confirmation and Enforcement of Arbitration Award will be dismissed with prejudice and without leave to amend. Furthermore, the Defendants' Motion to Vacate the Arbitration Award will be granted. An appropriate Order will be entered.

By the Court:

/s/ John Milton Younge
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Judge John Milton Younge